**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-1574**

─────────────

DELFINA VILLAFUERTE-POLANCO,

   Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

   Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

─────────────

Submitted:  October 10, 2024      Decided:  October 15, 2024

─────────────

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Manuel Rivera, Arlington, Virginia, for Petitioner.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Anthony C. Payne, Assistant Director, Jeffery R. Leist, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delfina Villafuerte-Polanco, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's oral decision denying Villafuerte-Polanco's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments raised on appeal in conjunction with the record and the relevant authorities. We conclude that the record evidence does not compel a ruling contrary to any of the operative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's pivotal ruling, affirmed by the Board, that Villafuerte-Polanco failed to prove the requisite nexus between the primary claimed protected ground—to wit:  family members of Guatemalans accused of practicing witchcraft—and the asserted past persecution or the feared future persecution, *see Madrid-Montoya v. Garland*, 52 F.4th 175, 179-80 (4th Cir. 2022) (explaining that the agency's nexus ruling "is a classic factual question," subject to substantial evidence review and that, "if the record plausibly could support two results:  the one the [agency] chose and the one [the petitioner] advances," this court "must defer to the agency" (internal quotation marks omitted)). Villafuerte-Polanco also contends that the Board erred in failing to consider the cognizability of her alternative proposed social group of "Guatemalan female heads of households," but the record confirms the Board's conclusion that Villafuerte-Polanco waived this issue by failing to raise a meaningful

2

challenge to the immigration judge's non-cognizability ruling in her administrative appeal brief. As such, we agree with the Attorney General that this argument is not administratively exhausted, *see* 8 U.S.C. § 1252(d)(1), and, thus, not properly before us for review, *see Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023) (observing that, although "§ 1252(d)(1) is not jurisdictional," it "remains a mandatory claim-processing rule").

Finally, as to the denial of Villafuerte-Polanco's application for CAT relief, we have reviewed the record and conclude that the evidence does not compel a ruling contrary to the relevant administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the denial of relief, *see Nasrallah v. Barr*, 590 U.S. 573, 584 (2020). Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Villafuerte-Polanco* (B.I.A. Apr. 28, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*